**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MICHAEL A. EBY,              :         Civil No. 1:19-cv-2069

                     :

        Plaintiff,         :

                     :

        v.               :

                     :

Warden ROBERT KARNES, *et al.*,  :

                     :

        Defendants.     :         Judge Jennifer P. Wilson

## <u>MEMORANDUM</u>

On December 4, 2019, Plaintiff, Michael A. Eby, an inmate formerly

confined at the Lebanon County Correctional Facility, Lebanon, Pennsylvania,

filed this civil rights action pursuant 42 U.S.C. § 1983.[1]  Plaintiff challenges a

November 19, 2019 strip search conducted at Lebanon County Correctional

Facility.  (Doc. 1.)  He names as Defendants the following Lebanon County

Correctional Facility employees: Warden Robert Karnes, Deputy Warden Michael

Ott, and Captain Wheeler.  (*Id.*).  Eby seeks to proceed in forma pauperis.  (Doc.

12.)  The complaint is presently before the court for preliminary screening pursuant

to 28 U.S.C. § 1915A(a).  For the reasons set forth below, the motion to proceed in

---

[1] On March 9, 2020, Plaintiff notified the court that he had been released from Lebanon County Correctional Facility and currently resides at the Jubilee Ministry Aftercare Facility, 235 S. 12th Street, Lebanon, Pennsylvania. (Doc. 13.)

forma pauperis will be granted for the sole purpose of filing the action, and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## FACTUAL BACKGROUND

Eby alleges that on November 19, 2019, at 2:30 pm, he "along with [his] whole block were taken to the gym by the CERT team" and "lined up facing the wall," where they were "told one by one to strip out of [their] clothes then turn around, pull up [their] nut sack, then turn around again and bend over and cough." (Doc. 1.)

Plaintiff claims that since that day, he is not able to shower or urinate around others and he feels that he is being laughed at by staff and others, including inmates. (*Id*.) Eby states that he "has always been very self-conscious with myself and this caused me to feel belittled, put down, stripped of my dignity and worst of all made fun of and ridiculed by other inmates, some which of the gay persuasion." (*Id*.) He believes that this is because there were three female correctional officers around during the strip search, and one correctional officer was videotaping the procedure, while another correctional officer was watching on the cameras located in the gym. (*Id*.)

Thus, Eby filed the instant action in which he requests "a formal investigation into these claims and policy changed by Security (CERT) on their stripping and shakedown policies," as well as damages. (*Id*.)

**STANDARDS OF REVIEW**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure"); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to

dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)");

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R .Civ.

P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(6), if it does not

allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must aver "factual

content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Though a complaint 'does not need detailed factual allegations, ...a formulaic

recitation of the elements of a cause of action will not do'." *DelRio-Mocci v.*

*Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S.

at 555). In other words, "factual allegations must be enough to raise a right to

relief above the speculative level." *Covington v. Int'I Ass'n of Approved*

*Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and

quotation marks omitted). A court "take[s] as true all the factual allegations in the

Complaint and the reasonable inferences that can be drawn from those facts, but...

disregard[s] legal conclusions and threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and

quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## A. Personal Involvement

Section 1983 provides private citizens with a cause of action for violations

of federal law by state officials. *See* 42 U.S.C. § 1983. The statute states, in

pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id*.; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v.*

*Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under section 1983, a

plaintiff must allege "the violation of a right secured by the Constitution and laws

of the United States and must show that the alleged deprivation was committed by

a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Individual liability can be imposed under section 1983 only if the state actor

played an "affirmative part" in the alleged misconduct, and "cannot be predicated

solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347,

353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.

1998)). "A defendant in a civil rights action must have personal involvement in

the alleged wrongs.... Personal involvement can be shown through allegations of

personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208.

With respect to the named Defendants, Warden Robert Karnes, Deputy Warden Michael Ott, and Captain Wheeler, aside from naming these individuals in the caption of the complaint, Plaintiff makes no allegations of personal involvement of any Defendant in the body of his complaint. It appears that Plaintiff attempts to hold these Defendants liable based on their supervisory roles. However, it is well-established that officials may not be held individually liable for unconstitutional conduct of their subordinates under a theory of respondeat superior. *See Rode*, 845 F.2d at 1207. Accordingly, these Defendants are entitled to dismissal to the extent that Plaintiff's claims rely on a respondeat superior theory of liability.

**B. Damages Barred by the PLRA**

As noted supra, Plaintiff requests damages on the basis that he "suffered" through a strip search which made him feel "pained and ashamed through the process". (Doc. 1 at 3.) The PLRA, however, provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." *See* 42 U.S.C. § 1997e(e). Section 2246 defines a "sexual act" as:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(2). To recover for mental or emotional injury suffered while in custody, therefore, "a prisoner bringing a § 1983 action must demonstrate less than significant, but more than a *de minimus* physical injury." *See Marrow v. Pennsylvania*, No. 1:18-cv-931, 2018 WL 4963982, at *4 (M.D. Pa. Oct. 15, 2018) (citing 42 U.S.C. § 1997e(e); *Mitchell v. Horn*, 318 F.3d 523, 535 (3d Cir. 2003)).

In the instant case, the allegations set forth in Plaintiff's complaint fail to demonstrate that he suffered a physical injury from the strip search or that anything constituting a "sexual act" under § 2246(2) occurred during the strip search. Therefore, Plaintiff is unable to recover monetary damages[2] because he did not suffer a physical injury or endure the commission of a sexual act during the strip search. For this reason alone, Plaintiff's complaint is subject to dismissal. *See Marrow*, 2018 WL 4963982, at *4 (concluding same); *see also Rager v. Delbalso*, No. 3:15-cv-2343, 2016 WL 2610019, at *2 (M.D. Pa. May 6, 2016).

### C. Strip Search Allegations

An inmate's challenge to a strip search is cognizable under section 1983 under the Fourth and Eighth Amendments. *See Williamson v. Garman*, No. 3:15-cv-1797, 2017 WL 2702539, at *4 (M.D. Pa. June 22, 2017) (citing *Bell v. Wolfish*, 441 U.S. 520, 558-60 (1979)). To set forth a plausible Fourth Amendment claim, an inmate must allege that the strip search was unreasonable. *See Marrow*, 2018 WL 4963982, at *4 (citing *Payton v. Vaughn*, 798 F. Supp. 258, 261-62 (E.D. Pa. 1992)). The Eighth Amendment applies when an inmate alleges that the strip search was conducted in a physically abusive manner. *See Jordan v. Cicchi*, 428

---

[2] To the extent Plaintiff seeks injunctive relief, any request for injunctive relief is moot due to his release from prison. *See, e.g., Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (per curiam) (claims for injunctive relief generally become moot when the inmate is no longer at the facility being complained of).

F. App'x 195, 199-200 (3d Cir. 2011); *Robinson v. Ricci*, No. 09-2023, 2012 WL 1067909, at *17 n.6 (D.N.J. Mar. 29, 2012) (explaining that the "Eighth Amendment may be implicated where the strip search or visual body cavity search was conducted in a brutish and unreasonable manner").

In the instant case, nothing in the complaint suggests that the strip search of Plaintiff was conducted in a physically abusive manner such that the Eighth Amendment is implicated. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (noting that, to state an Eighth Amendment claim for excessive force, an inmate must allege that force was used maliciously and sadistically to cause harm).

Moreover, while a strip search can constitute a "significant intrusion on an individual's privacy," *see United States v. Whitted*, 541 F.3d 480, 486 (3d Cir. 2008), strip searches do not violate the Fourth Amendment in the prison and jail setting when officials conduct searches "in a reasonable manner to maintain security and to prevent the introduction of contraband or weapons in the facility." *See Marrow*, 2018 WL 4963982, at *5 (citing *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 621 F.3d 296, 309-11 (3d Cir. 2010); *Millhouse v. Arbasek*, 373 F. App'x 135, 137 (3d Cir. 2010)). Prison officials may also conduct strip searches absent probable cause. *See Jones v. Luzerne Cty. Corr. Facility*, No. 3:10-cv-359, 2010 WL 3338835, at *8 (M.D. Pa. Aug. 23, 2010) (noting that "inmates do not have a right to be free from strip searches").

Furthermore, Plaintiff's allegation that the strip search was demeaning and embarrassing is insufficient to maintain a constitutional claim. *See Millhouse*, 373 F. App'x at 137 (noting that strip searches, "even if embarrassing and humiliating, do not violate the [C]onstitution"); *see also Watson v. Beard*, No. 09-87J, 2013 WL 4648323, at *9 (W.D. Pa. Aug. 28, 2013) (concluding that the inmate-plaintiff's characterization of strip searches as "sexual abuse" did not demonstrate a violation of the Constitution). Nothing in the complaint suggests that it was unreasonable for the correctional officers to perform a strip search of Plaintiff and the other inmates.

Moreover, there is no violation of Plaintiff's constitutional rights by conducting the strip search in front of other inmates and with female officers present. *See Marrow*, 2018 WL 4963982, at *5 (concluding that a strip search conducted in the presence of female officers did not violate the inmate-plaintiff's constitutional rights); *Illes v. Beard*, No. 1:12-cv-964, 2013 WL 2285565, at *5 (M.D. Pa. May 23, 2013) (citing cases concluding that strip searches may be conducted in the presence of staff and other inmates).

The Court, therefore, concludes that the strip search challenged by Plaintiff fails to rise to the level of a violation of the Fourth and Eighth Amendments.

## LEAVE TO AMEND

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant a plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). In addition to the fact that Eby's complaint fails to include any allegation of personal involvement by the named Defendants, his underlying factual claims fail to rise to the level of a violation of the Fourth and Eighth Amendments. As such, granting leave to amend would be futile.

## CONCLUSION

For the foregoing reasons, the court will dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court certifies that, any appeal taken from the court's decision herein, will be deemed frivolous, and not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: April 1, 2020